```
CHRISTOPHER HAYDN-MYER LAW OFFICES
CHRISTOPHER HAYDN-MYER, CA. BAR # 176333
1478 Stone Point Drive, Suite 400
Roseville, California 95661
Telephone: (916) 622-1704
Facsimile:  (916) 760-2767
Email: chrishaydn@sbcglobal.net

Attorney for Defendant
DAWN POWERS
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Cr. No. S-12-00315 JAM |
| Plaintiff, | ) | |
| | ) | STIPULATION AND |
| | ) | ORDER CONTINUING STATUS |
| v. | ) | CONFERENCE; FINDING OF |
| | ) | EXCLUDABLE TIME |
| | ) | |
| LEE LOOMIS, et al., | ) | Date:  February 12, 2013 |
| | ) | Time:  9:45 a.m. |
| Defendants. | ) | Judge: Hon. John A. Mendez |
| | ) | |

**STIPULATION**

Plaintiff, United States of America, through Assistant U.S. Attorney Paul Hemesath; defendant Lee Loomis, through counsel Douglas Beevers; defendant Michael Llamas, through counsel Thomas A. Johnson; defendant John Hagener, through counsel William Portanova; defendant Joseph A. Gekko, through counsel Michael Bigelow; defendant Peter Woodard, through counsel Dan Frank Koukol and, defendant Dawn Powers, through counsel Christopher Haydn-Myer, hereby stipulate and agree as follows:

1. A status conference is currently set for February 12, 2013 at 9:45 a.m.

2. By this stipulation, the above-named defendants now move to continue the status conference to March 19, 2013 at 9:45 a.m., and to exclude time between February 12, 2013 and March 19, 2013 under Local Codes T2 and T4.  Plaintiff does not oppose this request.

- 1 -

3. The basis upon which the parties agree to this proposed continuance of the status conference is as follows:

    a.    The case involves a 50 Count fraud indictment, involving a complicated scheme spanning a number of years. According to the indictment, several defendants set up a Ponzi scheme that contributed to a fund known as the Naras Fund. The indictment alleges that this fund was used in a complex scheme in which Loomis Wealth Solutions (LWS) defrauded the secondary loan market.

           The indictment charges that the defendants participated in a scheme in which LWS employees would approach contractors and developers to obtain properties at below market value, and then sell the properties to "nominee buyers" at full price. The indictment alleges that the money saved in those transactions – the difference between the discounted price and the full market value at which the property was immediately sold - was used to cover the cost of the down payment, deceiving the secondary loan market into believing that the "nominee buyers" had paid the money. Therefore they were led to believe that they had a greater financial stake in the properties. The allege loss to the secondary loan market is at $10,000,000 dollars.

           Discovery obtained by the government during its investigation, execution of search warrants and agent generated reports, is approximately 200 banker's boxes of documents. Criminal Justice Act ("CJA") counsel have been in discussions with Government counsel in this matter and the Government has agreed to make available to the defense for duplication all documents and related items obtained by them.

    b.    Counsel for each defendant believes that failure to grant the above-requested continuance would deny their respective client the reasonable time necessary for

|   |   |   |
|---|---|---|
| 1 | | effective preparation, taking into account the exercise of due diligence. |
| 2 | c. | The discovery in this case and the facts of the alleged conspiracy are "complex" |
| 3 | | within the meaning of 18 U.S.C. § 3161(h)(7)(b)(ii), [Local Code T2]. The |
| 4 | | parties request the Court find this case to be "complex" and exclude time pursuant |
| 5 | | to Local Code T2. |
| 6 | d. | Plaintiff does not object to the continuance. |
| 7 | e. | Based on the above-stated findings, the ends of justice served by continuing the |
| 8 | | status conference as requested outweigh the best interest of the public and the |
| 9 | | defendants in a trial within the original date prescribed by the Speedy Trial Act. |
| 10 | f. | For the purpose of computing time under the Speedy Trial Act, 16 U.S.C. § 3161, |
| 11 | | et seq., within which trial must commence, the time period from January 8, 2013 |
| 12 | | to February 12, 2013, inclusive, is deemed excludable pursuant to 18 U.S.C. § |
| 13 | | 3161(h)(7)(a), B(ii) and (iv) [Local Code T2 and T4] because it results from a |
| 14 | | continuance by the Court at the defendants request on the basis of the Court's |
| 15 | | finding that the ends of justice served by taking such action outweigh the best |
| 16 | | interest of the public and the defendants in a speedy trial. |

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

5. Finally, Christopher Haydn-Myer has been authorized by all counsel to sign this stipulation on their behalf.

**IT IS SO STIPULATED.**

DATED: February 11, 2013  BENJAMIN B. WAGNER
United States Attorney

 /s/ Paul Hemesath
PAUL HEMESATH
Assistant United States Attorney
Attorney for Plaintiff United States

///

| | | |
|---|---|---|
| DATED: February 11, 2013 | | JOSEPH SCHLESINGER<br>Acting Federal Defender |
| | | /s/ Douglas Beevers<br>DOUGLAS BEEVERS<br>Assistant Federal Defender<br>Attorney for Defendant Lee Loomis |
| DATED: February 11, 2013 | | LAW OFFICES OF THOMAS A. JOHNSON |
| | | /s/ Thomas A. Johnson<br>THOMAS A. JOHNSON<br>Attorney for Defendant Michael Llamas |
| DATED: February 11, 2013 | | LAW OFFICES OF WILLIAM PORTANOVA |
| | | /s/ William Portanova<br>WILLIAM PORTANOVA<br>Attorney for Defendant John Hagener |
| DATED: February 11, 2013 | | LAW OFFICES OF MICHAEL BIGELOW |
| | | /s/ Michael Bigelow<br>MICHAEL BIGELOW<br>Attorney for Defendant Joseph A. Gekko |
| DATED: February 11, 2013 | | LAW OFFICES OF DAN FRANK KOUKOL |
| | | /s/ Dan Frank Koukol<br>DAN FRANK KUOKOL<br>Attorney for Defendant Peter Woodard |
| DATED: February 11, 2013 | | LAW OFFICES OF CHRISTOPHER HAYDN-MYER |
| | | /s/ Christopher Haydn-Myer<br>CHRISTOPHER HAYDN-MYER<br>Attorney for Defendant Dawn Powers |

**ORDER**

IT IS SO FOUND AND ORDERED this 11th of February, 2013.

/s/ John A. Mendez
JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE