Kresta Nora Daly, SBN 199689
**BARTH DALY LLP**
431 "I" Street, Suite 201
Sacramento, California 95814
Telephone: (916) 440-8600
Facsimile:  (916) 440-9610
Email:  kdaly@barth-daly.com

David Delmer Fischer
**Law Offices of David D. Fischer, APC**
1007 7th Street, Suite 100
Sacramento, CA 95814
Telephone: (916) 447-8600
Facsimile: (916) 930-6482
Email: davefischer@yahoo.com

Attorneys for Defendant
LAWRENCE LOOMIS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:12-CR-00315 JAM |
| Plaintiff, | **DEFENSE STATUS MEMORANDUM** |
| v. | |
| LAWRENCE LOOMIS, | |
| Defendant. | |

**History**

Defendant Lee Loomis was indicted on September 6, 2012.  On November 12, 2013, trial was set to go forth in this matter on October 6, 2014.  At the November 2013, hearing a trial status conference was set for August 26, 2014.  In August 2014, at the trial status conference this court issued an order that motions in limine, witness lists, proposed jury instructions and proposed voir dire were due no later than September 29, 2014.

On or about September 4, 2014, Defendant Lee Loomis filed a motion for the appointment of new counsel.  On September 11, 2014, this court set a hearing as to status of counsel for Mr. Loomis on September 16, 2014.  The next docket entry is for September 16, 2014.  That docket entry is silent

as to the status of defense counsel.  However the next docket entry, dated September 23, 2014, indicates the Federal Defender's office was relieved and the first member of the defense team, Kresta Daly, was appointed to represent Mr. Loomis.  During the September 23, 2014 hearing the court tentatively indicated that the court desired to set the first trial in Mr. Loomis' case for May 2015.  I objected.  The court informed me my objection was premature and ordered us to return on November 18, 2014, after having approximately two months to get familiar with Mr. Loomis' case.  The court indicated trial dates would be set during the November 18, 2014 hearing.

On October 15, 2014, I, Kresta Daly, filed, among other things, an Ex Parte Application for Order Appointing Second Defense counsel on behalf of Mr. Loomis.  On October 16, 2014 this court issued an order appointing Dave Fischer as a second attorney of behalf of Mr. Loomis.  In the Ex Parte Request defense counsel set forth a small fraction of the complexities of this case.

Included in that summary was information pertaining to the fact that Mr. Loomis' case is extremely difficult and complex.  There are at least four terabytes of discovery in this case.  This number of terabytes has been estimated to equal two billion pages of paper, enough to fill nineteen semi-trucks.  There are no fewer than twenty entities involved.  There are thousands of financial transactions at issue.  The government claims Mr. Loomis was the mastermind of a large scale fraud scheme that included elements of a pyramid scheme as well as mortgage fraud.  Central to the government's theory is that Mr. Loomis created and controlled, often through other people, a large number of entities.

**Current Status**

The Loomis defense has now had approximately two months to familiarize themselves with the discovery in this case and the essential allegations.  The defense has retained the services of a private investigator as well as other experts.  The defense expects to submit additional funding requests to the court in the near future, possibly prior to the November 18, 2014, hearing in this case.

The Loomis defense has had several meetings amongst the lawyers, investigator and Mr. Loomis as well as additional meetings at which Mr. Loomis was not present.  This case is complicated by the fact that Mr. Loomis has been unable to successfully post bail.  This prevents Mr. Loomis' attendance at every defense meeting.  Mr. Loomis' custody status has also presented other

difficulties which are expected to add to the length of time necessary to prepare for his defense.

The discovery in this case is digital.  Mr. Loomis does not have a computer in the Sacramento County Jail nor does he have access to a computer with which he would be allowed to review the discovery in his case.  After contacts with both the Sacramento County Sheriff's Department and the US Marshal's Service the defense has worked out an agreement with the US Marshal's Service whereby on no less than 24-hours notice the US Marshal's Service will transport Mr. Loomis from the Sacramento County Jail to the fifth floor lock-up.  Mr. Loomis will be available for defense counsel starting at 9:00 a.m. and he will be in the largest client interview room.  The defense is permitted to bring in computers, extra monitors, extension cords and, within reason, anything else the defense deems necessary for Mr. Loomis to review the discovery.  Unfortunately due to the Marshall's security requirements Mr. Loomis cannot have a contact meeting with counsel and he must have one hand shackled to the counter during these meetings.  There is also a dark screen between defense counsel and Mr. Loomis – rendering it difficult for Mr. Loomis to accurately observe defense counsel's computer screen[1].

Between negotiations with the Sacramento County Sherriff's Department, where defense counsel initially sought to set up contact visits in the line-up room, to discussions with the US Marshall's Service[2] it took nearly two weeks to reach this agreement.  This example is illustrative of how slowly progress is being made in Mr. Loomis' case.

**Status of Discovery**

Despite at least three in-person meetings as well as countless telephone calls and emails the Loomis defense and the prosecution are still not certain whether or not the defense has all discovery.

---

[1] At the time of writing this motion the defense has only had one meeting with Mr. Loomis on the fifth floor during which time he had the opportunity to view computer screens. It remains unclear to the defense whether or not this arrangement is going to be sufficient to allow Mr. Loomis to review discovery. The defense plans to try this on several more occasions, perhaps altering the equipment the defense brings in.

[2] The Marshal's Service and one Marshal in particular has been very helpful and accommodating in assisting defense counsel to arrive at a solution where by Mr. Loomis' constitutional rights to assist in the preparation of his own defense are protected and the Marshall Service's obligations to maintain security are not compromised.

The parties are working diligently to check and cross check in order to, once and for all, determine if the defense has everything.  The main reason this is so complicated is the sheer volume of discovery.  The Federal Defender's office produced numerous banker's boxes in less than a week of being relieved of the case.  During the following weeks we received the occasional communication that they located additional items which were promptly delivered to Kresta Daly's office.

Even with the high level of cooperation and communication between the Loomis defense and the prosecution and the Loomis defense and the Federal Defender's office we continue to uncover additional items that need to be transferred.  Last week the Loomis defense inquired of the government about a series of 302s the defense had heard about but had never seen.  The government agreed to provide them.  The Loomis defense learned of other items that remained at the Federal Defender's office.  Once these items were identified the Federal Defender's office located them and turned them over to the Loomis defense in short order.

Because of the sheer size of this case tasks that should be simple, such as turning over discovery, are quite complicated and involve numerous hours to check and re-check.  Contemporaneously with the filing of this status memorandum the defense has filed a sealed declaration.  That declaration goes into detail about current defense efforts and is therefore a protected communication.

**Conclusion**

The defense has struggled with deciding what date to suggest as a proposed trial date.  Defense counsel is cognizant of the interests of the public in a speedy jury trial as well as the fact that Mr. Loomis remains in custody.  It is not clear the Loomis defense can be ready to go within one year from having been appointed, ie., October 2015.  It is however clear the Loomis defense will not be ready any sooner than October 2015.  The defense therefore proposes October 5, 2015, as the trial

///

///

///

///

///

date in this case with the request that the court set an early status conference at least as to Mr. Loomis. The proposed date for the status conference is July 7, 2015.

Dated: November 12, 2014.   BARTH DALY LLP

By  /s/ Kresta Nora Daly
     KRESTA NORA DALY

Dated: November 12, 2014.   LAW OFFICES OF DAVID D. FISCHER, APC

By  /s/ David D. Fischer
     DAVID D. FISCHER

{00014352}